IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MARLON BRENT TANNER                                              PLAINTIFF

V.                        CASE NO. 3:14-cv-03062

CAROLYN W. COLVIN
Commissioner, Social Security Administration                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Marlon Brent Tanner's Motion for Approval of Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. 18). The Motion and supporting documents were filed on October 26, 2017. On November 7, 2017, Defendant Carolyn W. Colvin, Commissioner of the Social Security Administration ("SSA") responded to Mr. Tanner's Motion, expressing no opinion as to whether the requested fee was reasonable. See Doc. 20. For the reasons explained below, the Motion will be **GRANTED**.

### I. BACKGROUND

On June 6, 2014, Mr. Tanner appealed to this Court from the SSA's denial of his request for disability benefits. See Doc. 1. On May 28, 2015, his case was reversed and remanded to SSA for further administrative review. See Doc. 11. After that remand, SSA awarded him disability benefits and back-pay. See Doc. 18, p. 1. The Court is unclear about exactly how much money Mr. Tanner received in past-due benefits, as neither party disclosed that figure to the Court. However, SSA wrote a letter to Mr. Tanner's counsel, Iva Nell Gibbons, advising her that it was "withholding the amount of $23,903.35 [from Mr. Tanner's check,] which represents the balance of 25 percent of the past-due benefits for MARLON TANNER . . . ." (Doc. 18-1).

Mr. Tanner had previously entered into a contingency-fee agreement with Ms. Gibbons, in which he agreed to pay her 25% of any past-due benefits awarded. See Doc. 18-4. Such contingency-fee agreements are contemplated by the Social Security Act. In particular, 42 U.S.C. § 406(b)(1)(A) states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

*Id.* (emphasis added).

Despite the fact that 25% of Mr. Tanner's past-due benefits is $23,903.35, Ms. Gibbons requests a reduced attorney's fee award of $13,000. In her brief, she explains why she believes that an award of $23,903.35 is "somewhat excessive," and she gives reasons why a $13,000 fee is more appropriate. The Court is aware that Ms. Gibbons has been practicing social security law for over 35 years. She spent a total of 40.8 hours litigating this case before this Court. She maintains that if she is granted fees under Section 406(b), she will reimburse Mr. Tanner the statutory attorney's fee of $6,384.51 that the Court awarded him—and that he paid her—pursuant to the Equal Access to Justice Act ("EAJA"). See Doc. 16.

## II. LEGAL STANDARD

Accordingly to the Supreme Court in *Gisbrecht v. Barnhart*, 535 U.S. 789, 806

(2002), district courts are to give effect to plaintiffs' and their attorneys' contractual agreements and refrain from "'depriving plaintiffs of the option of promising to pay more than the statutory fee if that is necessary to secure counsel of their choice . . . .'" *Id.* (quoting *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990)). The *Gisbrecht* Court observed that "[i]t is . . . unlikely that Congress . . . intended to install a lodestar method" for courts to use in reviewing the reasonableness of contingency fee awards. *Id.* at 806. Instead, Congress meant for reviewing courts to evaluate Section 406(b) awards for "reasonableness," and in doing so, act "as an independent check, to assure that [contingent fee arrangements] yield reasonable results in particular cases." *Id.* at 807. There are three indicia of reasonableness that courts should consider: (1) the character of the representation and results achieved, (2) whether the attorney was responsible for any delay, (3) and whether the attorney-fee benefit would be large in comparison to the amount of time counsel spent on the case. *Id.* at 808.

## III. DISCUSSION

The Court has examined Plaintiff's Motion, Brief in Support, contingency-fee agreement, and exhibits attached to the Motion. The Court is now satisfied that an award of $13,000 in attorney's fees, made pursuant to 42 U.S.C. § 406(b), is reasonable due to the character of Ms. Gibbons's representation and the positive results she achieved for Mr. Tanner, the fact that Ms. Gibbons was not responsible for any measurable delay in the proceedings, and the fact that her request for fees does not represent a "windfall" to her—in comparison to the monetary award her client received and the amount of time she invested in the case.

3

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Approval of Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. 18) is **GRANTED**, and the requested fee award in the amount of **$13,000.00** is approved.

**IT IS FURTHER ORDERED** that Plaintiff's counsel refund the EAJA fee award of $6,384.51 to Plaintiff.

**IT IS SO ORDERED** on this 20th day of December 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

4